UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL G. ROEHL, and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | No. 11-CV-07177 |
| | ) | Honorable Sidney I. Schenkier |
| CITY OF NAPERVILLE, | ) ) | |
| Defendant. | ) ) | |

FINAL ORDER, JUDGMENT, APPROVING
CLASS ACTION SETTLEMENT AND DISMISSAL ORDER

THIS CAUSE came to be heard on January 28, 2013, after notice thereof was given to all class members who could be identified through reasonable efforts. The Court conducted a hearing on that date:

(a) to determine whether this action should for settlement purposes be certified as a class action pursuant to the applicable Federal Rules;

(b) to determine whether the parties' Class Action Settlement Agreement (hereinafter referred to as the "Settlement Agreement") between Plaintiffs and Defendant, is fair, reasonable, just and adequate and should be finally approved;

(c) to determine the amount of attorneys' fees and expenses that should be awarded;

(d) to determine the amount of the incentive award that should be awarded to the Class Representatives;

(e) to entertain any objections of any affected persons as to approval of the Settlement Agreement, and all matters related thereto;

(f) to determine whether final judgment should be entered thereon, pursuant to the terms of the Settlement Agreement; and

(g) to rule on all other matters related to or impacted by the Settlement Agreement.

The Court preliminarily approved the proposed Settlement Agreement between the parties by Order dated August 1, 2012, and directed notice to the Settlement Class of the status of the pendency of this class action and the terms of the proposed settlement, the manner of submitting objections, the manner of submitting requests for exclusion, and the date of the fairness and final approval hearing.

The Court has considered the terms of the Settlement Agreement between the parties, reviewed all pleadings, relevant briefs and other papers in this matter, heard arguments of counsel, and deliberated and considered the totality of the circumstances surrounding the Settlement Agreement.

Based upon the foregoing, and upon the oral motion of the parties for final approval of the parties' settlement,

**THE COURT FINDS:**

1.    This Court has jurisdiction over the subject matter of this case and over all parties to this case, including all members of the three Settlement Classes, which are defined as:

(1) "Settlement Class-Not Guilty: All individuals who have been adjudicated "Not Guilty," by a Trier of fact, as to all of the charges, including

amendments, for which they were arrested and who paid or were charged the Administrative Fee, contained in Section 10-8-1 of the City Code, between the dates of October 1, 2009 and December 5, 2011. This also includes individuals whose cases were pending at the time of Initial Approval and may be adjudicated Not Guilty prior to the Settlement Fairness Hearing in this matter; and

(2) "Settlement Class-Nolle Prosequi: All individuals who have had all of their criminal charges for which they were arrested voluntarily dismissed via Nolle Prosequi, non-suit or other mechanism of dismissal which did not entail an adjudication of such charges or a finding of guilty/not guilty by a Trier of fact and who paid or were charged the Administrative Fee, contained in Section 10-8-1 of the City Code, between the dates of October 1, 2009 and December 5, 2011. This also includes individuals whose cases were pending at the time of Initial Approval and have not been adjudicated prior to the Settlement Fairness Hearing in this matter; and

(3) "Settlement Class- Guilty: All individuals who have been adjudicated "Guilty," by a Trier of fact, as to all of the charges, including amendments, for which they were arrested and who paid or were charged the Administrative Fee, contained in Section 10-8-1 of the City Code, between the dates of October 1, 2009 and December 5, 2011. This also includes individuals whose cases were pending at the time of Initial Approval and may be adjudicated Guilty prior to the Settlement Fairness Hearing in this matter.

2.     Due and adequate notice of the proceedings and settlement having been provided to the Class Members, and a full opportunity having been offered for them to participate in the settlement hearing, it is hereby determined that any potential Class Members who did not timely submit a claim form or request exclusions from the class and/or class settlement and the Class Members are bound by this settlement.

3.     On January 4, 2013, the Attorney General of each potential claimant's state, as well as the Attorney General of the United States was given ninety (90) days to review the proposed Settlement.  Ninety (90) days has since passed and no objection to the Settlement was filed by the Attorney General of each potential claimant's state, nor was an objection filed by the Attorney General of the United States.

4.     The Class consisted of 6828 members.  The claim notices and claim forms were mailed via U.S. Mail to the last known address of each class member. As a result of that mailing, 457 claim notices and claim forms were returned by the U.S. Post Office as undeliverable. The U.S. Post Officer provided forwarding addresses for 31 of the returned claim forms and claim notices. The City re-mailed these 31 claim forms and claim notices to the forwarding addresses provided by the U.S. Post Office.  The remaining undeliverable 426 claim forms and claim notices were unable to be forwarded because no forwarding address was provided.  Notice was additionally provided in each of the following manners:

4

(1) in a publication of general distribution and circulation within the City of Naperville; and

(2) on the City's website; and

(3) on the City's local cable access channel, NCTV. Notice on NCTV will consist of a notice of this settlement and instructions as to where to obtain claims documentation.

No Class Members objected to the settlement or intervened in the suit. No Class Members requested to be excluded. 16 claims were received for the Settlement Class-Not Guilty, 42 claims were received for the Settlement Class-Nolle Prosequi, 134 claims were received for the Settlement Class-Guilty, and 21 claims were received with incorrectly completed forms and no supporting documentation.

5. All Class Members are hereby individually and severally permanently barred and enjoined from instituting, commencing, prosecuting, participating in, or continuing any action or other proceeding in any court or tribunal of this or any other jurisdiction, either directly, representatively, or in any other capacity, against the City of Naperville and its past, present and future employees, elected and appointed officials, officers, directors, partners, agents, debt collectors, attorneys, insurers, brokers, contractors, servants, affiliates, subsidiaries, departments, divisions, predecessors, representatives, successors and/or assigns, (herein collectively "Released Party") and asserting any claims that are, arise out of, or in any way relate to any and all past and present claims for relief, causes of action, counterclaims or cross-claims, suits, petitions, demands in law or equity, or any

allegations of liability or damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest or expenses that have been, or arising out of the claims asserted in this action or in any other action, court, arbitration, tribunal or administrative body against the Released Party, which claims are based upon, arise out of, are related to, or in any way connected with, directly or indirectly, in whole or in part, the claims and allegations in the in the Class Action Complaint (herein referred to as "Settled Claims").

6. The Released Party is deemed to have, and by operation of this Order, fully, finally, and forever released, relinquished, and discharged Plaintiff, each and all of the Class Members and Class Counsel (as defined below) from all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters, and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Settled Claims.

7. The class notice given to the Class Members was the best notice practicable under the circumstances, including the individual notice to all Class Members who could be identified. The class notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement

6

Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of applicable Federal law and the requirements of due process.

8.     Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the settlement:

a. is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any alleged wrongdoing or liability of the Defendant; or

b. is or may be deemed to be or may be used as an admission of or evidence of, any fault or omission of the Defendant in any civil proceeding in any court, administrative agency or other tribunal. Defendant may file the Settlement Agreement or this Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**NOW THEREFORE, IT IS HEREBY ORDERED:**

9.     This Court hereby approves the settlement set forth in the parties' Settlement Agreement which agreement is part of the record in this case and finds that the settlement is, in all respects, fair, reasonable, and adequate to each of the Class Members, and the parties are hereby directed to perform its terms.

10. The Court awards:

    a. Two thousand five hundred dollars and 00/100 ($2,500.00) to Michael G. Roehl (herein "Class Representative") as an incentive award to be paid by Defendant;

    b. Forty Three thousand dollars and 00/100 ($43,000.00) in attorney's fees and fifteen hundred dollars and 00/100 ($1,500.00) in costs to DiTOMMASO ♦ LUBIN, P.C. and SCHAD, DIAMOND, SHEDDEN, P.C. (herein "Class Counsel"), to be paid by Defendant; and

    c. Four thousand two hundred forty dollars and 00/100 ($4,240.00) to be paid to the Class Members who filed their claims.

11. The amount for attorneys' fees and costs is fair, reasonable, and appropriate given the time expended by Class Counsel. No other fees or expenses may be awarded to Class Counsel in connection with this action. The payments identified in paragraph 9 above satisfy all obligations of the Released Party in regard to any claim for attorneys' fees, expenses, class representative award, court costs, incentive awards, and/or monetary relief to the Class Representative or the class as a whole. The Released Party shall have no other liability or responsibility, separately or severally, relating to the division of fees between and among Class Counsel.

12. Each of the Class Members is deemed to have, and by operation of this Order shall have, fully, finally, and forever released, relinquished, and discharged all Settled Claims.

13.     Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction until April 28, 2013 over:

   a. implementation of the Settlement Agreement;

   b. the payment of attorney's fees and expenses ordered in this Order; and

   c. all parties for the purpose of construing, enforcing, and administering the parties' Settlement Agreement.

14.     This cause is dismissed with prejudice.

Entered:

_____
Judge

04-08-13

9